# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHY CAHILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN ELEVATOR COMPANY )<br>INC., and TAPP and/or TAPP, LTD., )<br>formerly known as ELEVATOR )<br>EQUIPMENT SERVICES )<br>INCORPORATED d/b/a KONE )<br>ELEVATOR SERVICES, )<br>)<br>Defendants. ) | Case No. CIV-05-336-SPS |

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

This is an action by the Plaintiff Cathy Cahill for injuries suffered in an elevator malfunction allegedly caused by the negligence of the Defendants American Elevator Company, Inc., and Tapp and/or Tapp LTD, formerly known as Elevator Equipment Services Inc., d/b/a Kone Elevator Services ("Elevator Equipment Services"). The Defendant American Elevator Company, Inc., was dismissed upon joint stipulation by the parties, but the Defendant Elevator Equipment Services filed a Motion for Summary Judgment [Docket No. 29] based on the Plaintiff's failure to bring this action within two years of her injury. For the reasons set forth below, the Court finds that Elevator Equipment Services is entitled to judgment as a matter of law and that its motion for summary judgment should be granted.

The statute of limitations for a negligence cause of action under Oklahoma law is two years. *See* 12 Okla. Stat. § 95(A)(3) (finding limitation is two years for an "action for injury to the rights of another, not arising on contract, and not hereinafter enumerated."). Generally,

the statute of limitations begins to run when the harm occurs, whether the injured party knows of it or not. *Weathers v. Fulgenzi* 1994 OK 119, ¶ 12, 884 P.2d 538, 540 ("[T]he statutory time begins to run when damage or harm occurs as a result of negligent act. At that point a cause of action arises in favor of one who was harmed regardless of whether one knows of the injury or is unaware of its occurrence."), *citing Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816. There is no dispute here that the Plaintiff was injured on or about December 18, 2002, when the elevator on which she was riding dropped rapidly and came to a violent halt. Inasmuch as this action was not filed until August 11, 2005, the Plaintiff's negligence claim would clearly be barred by a general application of the two-year statute of limitations.

The Plaintiff, however, argues for application of a "discovery rule" to the facts of this case. She contends that although she was aware of her injuries at the time of the accident, she was not aware who was liable therefor until much later, *i. e.*, she did not discover the Defendant and its connection to her injury until August 12, 2003. The Plaintiff submits that the two-year statute commenced on that date, and that this action was therefore timely filed on August 11, 2005. The Court does not agree.

Generally, "[t]he discovery rule tolls the statute of limitations until an injured party knows of, *or in the exercise of reasonable diligence*, should have known of or discovered the injury, and resulting cause of action. *Lovelace v. Keohane*, 1992 OK 24, ¶ 25, 831 P.2d 624, 629 [emphasis added], *citing St. Paul Fire & Marine Insurance Co. v. Getty Oil Co.,* 1989 OK 139, ¶ 20, n.1, 782 P.2d 915, 920 n.1, *quoting Reynolds v. Porter,* 1988 OK 88, ¶ 6 n.8,

760 P.2d 816, 820 n.8. Some courts have expanded the focus of the rule from discovery of the injury to discovery of the party liable. *See, e. g., Tarnowsky v. Socci,* 271 Conn. 284, 297, 856 A.2d 408, 418 (2004) ("We conclude that the two year statute of limitations set forth in § 52-584 [for, *inter alia*, negligence actions] does not begin to run until a plaintiff knows, or reasonably should have known, the identity of the tortfeasor."); *Robinson v. Morrow,* 2004 UT App 285, ¶ 17, 99 P.3d 341, 345 ("We simply see no legitimate reason why the principles of equity that protect a plaintiff who is initially unaware of an injury should not similarly be extended to protect a plaintiff who is initially unaware of the identity of the tortfeasor."); *Spitler v. Dean,* 148 Wis.2d 630, 636, 436 N.W.2d 308, 310 (1989) ("The public policy justifying the accrual of a cause of action upon the discovery of the injury and its cause applies equally to the discovery of the identity of the defendant in this case. "); *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn. 1982) ("It is axiomatic that no judicial remedy was available to this plaintiff until he discovered, or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty."). Others have expressly declined to do so. *See, e. g., Reiterman v. Westinghouse,* 106 Mich.App. 698, 704, 308 N.W.2d 612, 614 (1981) ("There is a plethora of case law holding that the statute of limitations is not tolled pending discovery of the identity of the alleged tortfeasor where all the other elements of the cause of action exist."). *See also Steele v. United States,* 599 F.2d 823, 828 (7th Cir. 1979) ("The governing rule is that when the injury coincides with the negligent act and some damage is discernible at that time, the cause of action accrues and the

statute of limitation begins to run immediately. Because the injury is apparent, it is the duty of the victim of the tort to discover the negligent acts and file a claim within two years of the injury. ") [interpreting federal law]. The courts in Oklahoma have done neither, but have determined that the discovery rule "does not apply to a plaintiff who was aware of a wrong done to them." *Weathers*, 1994 OK 119, ¶ 13, 884 P. 2d at 541. *See also Alexander v. Oklahoma,* 382 F.3d 1206, 1217 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005) ("In general, Oklahoma permits the tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling . . . Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action. Therefore, if defendants engage in "false, fraudulent or misleading conduct" calculated to lull plaintiffs into sitting on their rights, the limitations period may not be triggered.") [internal quotations and citations omitted].[1] As the Plaintiff admits knowing

---

[1] The Plaintiff suggests the statute of limitations should be tolled because her employer refused to identify the Defendants (or give her much other information) while her workers' compensation case was pending. However, it is Elevator Equipment Services (not her employer) whose conduct might give rise to any tolling in this regard. *See, e. g., Samuel Roberts Noble Foundation, Inc. v. Vick*, 1992 OK 140, ¶ 31, 840 P.2d 619, 626 ("[F]raud or concealment by [*the defendant*] could toll the limitations period."), *citing Willis v. Black & West Architects*, 1959 OK 162, ¶ 13, 344 P.2d 581, 584 ("[I]f *defendants* did not commit some actual artifice to prevent knowledge or some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry, the statute is not tolled as the mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute.") [emphasis added]. The Plaintiff has not shown that Elevator Equipment Services did anything to conceal its liability or otherwise mislead her. Even if her employer's reticence could somehow justify tolling the statute, the Plaintiff has not shown what efforts she made to obtain information elsewhere, or that she was otherwsie precluded from doing so. *See, e. g., Daugherty v. Farmers Cooperative Association*, 1984 OK 72, ¶ 12, 689 P.2d 947, 950-51 ("[A] reasonably prudent person is required to pursue his claim with diligence.").

of her injury at the time she sustained it, the discovery rule is no impediment to entry of summary judgment that this action is barred by the statue of limitations. *See Daugherty v. Farmers Cooperative Association*, 1984 OK 72, ¶ 13, 689 P.2d 947, 951 ("Under the facts of this case on motion for summary judgment it is undisputed that the means of knowledge existed, and as it appears from the record, the circumstances were such as to put a reasonable man upon inquiry. Then plaintiff is chargeable with the knowledge such inquiry would have produced, and the discovery rule does not, under this record, bar the running of the statute of limitations.").

Summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Here, it is clear from the Plaintiff's response that she was aware of her injuries at the time she sustained them on or about December 18, 2002, more than two years before she filed this action. The Plaintiff's negligence claim against Elevator Equipment Services is therefore

barred by the two-year statute of limitations provided by 12 Okla. Stat. § 95(A)(3), and Elevator Equipment Services is entitled to judgment thereon as a matter of law.

Accordingly, IT IS ORDERED that the Defendant Elevator Equipment Services' Motion for Summary Judgment [Docket No. 29] is hereby GRANTED.

**DATED** this 21st day of September, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**